Edward Barocas, Esq. (EB8251)
AMERICAN CIVIL LIBERTIES UNION
     OF NEW JERSEY FOUNDATION
P.O. Box 32159
Newark, New Jersey 07102
(973) 642-2086
ebarocas@aclu-nj.org

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| JOEL BARNES,<br><br>     Plaintiff,<br><br>vs.<br><br>KEVIN MICHAEL PARRY; JASON STETSER; ROBERT BAYARD; ANTONIO FIGUEROA; DAN MORRIS; DOES 1-10; CAMDEN POLICE DEPARTMENT; CAMDEN COUNTY PROSECUTOR WARREN FAULK; and ATTORNEY GENERAL OF NEW JERSEY PAULA DOW,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **CIVIL ACTION**<br><br>**Docket No.**<br><br>**COMPLAINT** |

Plaintiff Joel Barnes, by way of Complaint against the Defendants, says as follows:

### PRELIMINARY STATEMENT

1. Our criminal justice system hinges on the honesty of law-enforcement officials. The public and the judiciary depend on the integrity of police officers. When officers transgress clear ethical boundaries, society loses faith in the fairness of the criminal process. When officers lie to obtain a conviction, they needlessly shatter the lives of the people they erroneously condemn.

2. This case stems from one of the most serious forms of police misconduct: the planting of evidence on an innocent person in order to send him to prison. As a result of such deliberate acts of Camden police officers, Plaintiff Joel Barnes was incarcerated for nearly 1 year and 2 months for a drug-possession crime he did not commit. While Mr. Barnes can never regain the 419 days of his life he lost in jail and prison, this civil action will allow him to be compensated for his loss of liberty and the trauma that Defendants inflicted on him.

## JURISDICTION AND VENUE

3. This Court has federal-question jurisdiction over claims arising under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331.

4. Supplemental jurisdiction over Mr. Barnes's state claims exists pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), on the ground that the events leading to the violations of law described herein occurred in this District.

6. There is an actual controversy between Plaintiff and Defendants within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and Federal Rule of Civil Procedure 57.

## PARTIES

7. Plaintiff Joel Barnes is an adult citizen of the State of New Jersey. He resides in Camden, New Jersey.

8. Defendant Kevin Michael Parry was, at all times relevant to this Complaint, a duly appointed and acting police officer of the Camden Police Department

("CPD"). As such, he acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of the City of Camden and the State of New Jersey. Defendant Parry is sued in his official and individual capacities.

9. Defendant Jason Stetser was, at all times relevant to this Complaint, a duly appointed and acting police officer of the CPD. As such, he acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of the City of Camden and the State of New Jersey. Defendant Stetser is sued in his official and individual capacities.

10. Defendant Robert Bayard was, at all times relevant to this Complaint, a duly appointed and acting police officer of the CPD. As such, he acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of the City of Camden and the State of New Jersey. Defendant Bayard is sued in his official and individual capacities.

11. Defendant Antonio Figueroa was, at all times relevant to this Complaint, a duly appointed and acting police officer of the CPD. As such, he acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of the City of Camden and the State of New Jersey. Defendant Figueroa is sued in his official and individual capacities.

12. Defendant Dan Morris was, at all times relevant to this Complaint, a duly appointed and acting police officer of the CPD with the rank of Sergeant. As such, he acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of the City of Camden and the State of New

Jersey. Under Sergeant Morris's supervision, control, and approval, the individual Defendants referenced above planted drugs on approximately 185 Camden residents (including Plaintiff Joel Barnes) and then arrested them for unlawful drug possession. Defendant Morris is sued in his official and individual capacities.

13. Defendants Does 1-10 were, at all times relevant to this Complaint, duly appointed and acting police officers of the CPD. As such, they acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of the City of Camden and the State of New Jersey. Under their actions and/or supervision, control, and approval, the individual Defendants referenced above planted drugs on approximately 185 Camden residents and then arrested them for unlawful drug possession. Defendant Does 1-10 are sued in their official and individual capacities.

14. Defendant Camden Police Department ("CPD") is the primary, local law-enforcement agency in Camden, New Jersey. It is charged with enforcing the penal code, among other responsibilities. As a result of CPD's acts and omissions, CPD officers planted drugs on approximately 185 Camden residents and then arrested them for unlawful drug possession.

15. Warren Faulk is the Camden County Prosecutor. At the time that the CPD officers conspired to plant drugs on Mr. Barnes and nearly 200 other individuals, the CPD was operating under the supervision of the Camden County Prosecutor's office. With proper supervision and institutional control, the Defendants would not have been able to plant drugs on Mr. Barnes and

nearly 200 other individuals in Camden. To that end, Defendant Faulk is not sued as a result of his and his office's prosecutorial work, but rather in his—and his office's—supervisory role over the CPD. Defendant Faulk is sued in his official capacity only.

16. Paula Dow is the Attorney General of the State of New Jersey. At the time that the CPD officers conspired to plant drugs on Mr. Barnes and nearly 200 other individuals, the CPD was operating under the supervision of the New Jersey Attorney General. With proper supervision and institutional control, the Defendants would not have been able to plant drugs on Mr. Barnes and nearly 200 other individuals in Camden. To that end, Defendant Dow is not sued as a result of her and her office's prosecutorial work, but rather in her—and her office's—supervisory role over the CPD. Defendant Dow is sued in her official capacity only.

## FACTUAL ALLEGATIONS

17. On August 2, 2008, Mr. Barnes was visiting with a friend in a house located in Camden, New Jersey. Defendants Bayard and Figueroa then entered the home without a search warrant.

18. Mr. Barnes did not own, rent, or otherwise control the house. Rather, he went to the house to ask his friend to spruce up his grandmother's backyard prior to a family gathering.

19. The officers ordered the occupants of the house to assemble in the kitchen. Mr. Barnes dutifully complied. Upon entering the kitchen, Defendant Bayard handcuffed Mr. Barnes. He pulled out the items in Mr. Barnes's pockets,

consisting of a cell phone, money, and his house keys. He did not possess any drugs (or any other contraband) on his person.

20. Although he lacked any justification for detaining Mr. Barnes, Defendant Figueroa led Mr. Barnes—still handcuffed—to a police van waiting outside the home. Mr. Barnes was held in that van for approximately one hour. Every so often, Defendant Figueroa would return to the van and say: "Where's the shit at?" Each time, Mr. Barnes, surmising that Defendant Figueroa was referring to controlled substances, truthfully responded that he was unaware of any drugs in the house.

21. Defendant Figueroa finally re-approached the van and said, "We found the shit, and we're going to send you to the county [jail]." He then led Mr. Barnes to a waiting police car.

22. A short time later, Defendants Figueroa and Bayard returned to the police car and again asked Mr. Barnes "where the shit at?" Again, Mr. Barnes truthfully denied any knowledge of drugs in the home. Defendant Figueroa then pulled out a bag containing drugs and said: "Tell us where the shit at, and we'll make this disappear." Mr. Barnes pleaded with the officers, explaining what everyone knew: the bag (and its contents) were not his.

23. Defendants Figueroa and Bayard acknowledged that the bag was not Mr. Barnes's. They admonished, however, that the drugs in the bag would carry more serious criminal charges than drugs that might be in the house. Accordingly, the Defendant officers told Mr. Barnes that he would receive a shorter period of incarceration if he told them the location of drugs in the

home.  Defendant Bayard finally threatened: "If you don't start talking, my pen is going to do the talking."

24.   Mr. Barnes, unaware of controlled substances in the house, could not respond with the information that Defendants Figueroa and Bayard were demanding. Accordingly, the officers on the scene, which also included Defendants Parry and Stetser, arrested Mr. Barnes for unlawful possession of a controlled substance, unlawful possession of a controlled substance with intent to distribute the substance, and unlawful possession of a controlled substance within 1,000 feet of a school zone.

25.   The Defendant officers immediately transported Mr. Barnes to the Camden County Correctional Facility.  He remained incarcerated at this facility until he posted bail, on August 3, 2008.

26.   On January 12, 2009, Mr. Barnes pled "not guilty" to the criminal charges levied against him.  However, on February 23, 2009, believing that a jury would be far more likely to believe the officers' testimony of Mr. Barnes's purported drug possession against his own—truthful—testimony that those officers planted drugs on him, Mr. Barnes pled guilty to one count of unlawful drug possession within 1,000 feet of a school zone.

27.   Under the terms of his plea agreement, Mr. Barnes reported to the Camden County jail on April 17, 2009.  Subsequently transferred to various prisons and other detention facilities, Mr. Barnes would not be a free man until the summer of 2010.

28. On March 19, 2010, Defendant Parry pled guilty to federal charges of conspiring to deprive others of their civil rights, specifically, to deprive certain Camden residents, such as Mr. Barnes, of their right not to be deprived of their liberty without due process, their right to be free from unreasonable searches and seizures, and their right to be free from the intentional use of unreasonable force under color of law.  Before U.S. District Judge Kugler, Parry testified that he engaged in this conspiracy with at least four other CPD officers: Figueroa, Bayard, Stetser, and Morris.  Defendant Parry admitted that, among other illicit acts, he and the other officers planted drugs on innocent people and threatened certain individuals with arrest using planted evidence if they did not criminally implicate themselves or others.

29. In June 2010, Defendant Stetser also pled guilty to federal charges of conspiring to deprive others of their civil rights, specifically, to deprive certain Camden residents, such as Mr. Barnes, of their right not to be deprived of their liberty without due process, their right to be free from unreasonable searches and seizures, and their right to be free from the intentional use of unreasonable force under color of law.  Approximately 185 criminal cases have been withdrawn and convictions vacated due to the existence of defendants' criminal conspiracy.

30. Former Camden Police Officer James Stetser, who is also the father of Defendant Jason Stetser, stated that Defendant Camden Police Department "taught" his son to take such actions.

31. The New Jersey Superior Court granted an unopposed motion to vacate Mr. Barnes's conviction. Mr. Barnes was released from custody on June 8, 2010.

32. As a result of defendants' actions, Mr. Barnes suffered significant damages, including, but not limited to, severe loss of liberty and emotional distress.

33. Mr. Barnes is now a free man. However, as a result of Defendants' unconstitutional acts, Mr. Barnes lost 419 days of his life. For one year, one month, and 24 days, Mr. Barnes was confined against his will based on the admittedly unlawful actions of the Defendant officers and the governmental entities that failed to restrain them.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION
(FALSE ARREST)
ACTIONABLE PURSUANT TO 42 U.S.C. § 1983
AGAINST ALL DEFENDANTS

34. Mr. Barnes realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 33, above.

35. The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, . . . and effects, against unreasonable … seizures, shall not be violated, and no warrants shall issue, but upon probable cause . . . ."

36. Defendants' actions violate the Fourth Amendment to the U.S. Constitution, which prohibits arrest without probable cause. Acting individually and in concert, Defendants—through their own actions and/or their policies and supervision, or the lack thereof—planted drugs on (i.e., fabricated evidence against) Mr. Barnes and illegally arrested him.

37. As a result of Defendants' actions, Mr. Barnes was falsely arrested for crimes

he did not commit. Defendants' drug planting violated clearly established law; no reasonable police officer would believe that these actions were lawful.

## SECOND CLAIM FOR RELIEF
### VIOLATIONS OF ARTICLE I, SECTION 7 OF THE NEW JERSEY CONSTITUTION (FALSE ARREST) ACTIONABLE DIRECTLY AND PURSUANT TO N.J.S.A. 10:6-1 *ET SEQ.* AGAINST ALL DEFENDANTS

38.    Plaintiff realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 33, above.

39.    Article I, Section 7 of the New Jersey Constitution provides: "The right of the people to be secure in their persons, houses, . . . and effects against unreasonable . . . seizures, shall not be violated; and no warrant shall issue except upon probable cause . . . ."

40.    Defendants' actions violate the New Jersey Constitution, which prohibits arrest without probable cause. Acting individually and in concert, Defendants—through their own actions and/or their policies and supervision, or the lack thereof—planted drugs on (i.e., fabricated evidence against) Mr. Barnes and illegally arrested him.

41.    As a result of Defendants' actions, Mr. Barnes was falsely arrested for crimes he did not commit. Defendants' drug planting violated clearly established law; no reasonable police officer would believe that these actions were lawful.

## THIRD CLAIM FOR RELIEF

### VIOLATIONS OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION (PRE-CONVICTION MALICIOUS PROSECUTION) ACTIONABLE PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

42.     Plaintiff realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 33, above.

43.     The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, . . . and effects, against unreasonable . . . seizures, shall not be violated, and no warrants shall issue, but upon probable cause . . . ."

44.     Defendants' actions violate the Fourth Amendment to the U.S. Constitution, which prohibits the wrongful institution of legal process. Acting individually and in concert, Defendants—through their own actions and/or their policies and supervision, or the lack thereof—planted drugs on Mr. Barnes, falsely arrested him, and provided the prosecution with faulty evidence. As such, Defendants wrongly instituted a legal process against Mr. Barnes in violation of the Fourth Amendment.

45.     Defendants' actions subjected Mr. Barnes to pre-conviction malicious prosecution for crimes he did not commit. But for Defendants' conduct, Mr. Barnes would not have endured the wrongful institution of legal process and the detention that resulted therefrom. Defendants' actions violated clearly established law; no reasonable police officer would believe that these actions were lawful.

## FOURTH CLAIM FOR RELIEF

### VIOLATIONS OF ARTICLE I, SECTION 7 OF THE NEW JERSEY CONSTITUTION (PRE-CONVICTION MALICIOUS PROSECUTION) ACTIONABLE DIRECTLY AND PURSUANT TO N.J.S.A. 10:6-1 *ET SEQ.* AGAINST ALL DEFENDANTS

46.    Plaintiff realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 33, above.

47.    Article I, Section 7 of the New Jersey Constitution provides: "The right of the people to be secure in their persons, houses, . . . and effects against unreasonable . . . seizures, shall not be violated; and no warrant shall issue except upon probable cause . . . ."

48.    Defendants' actions violate Article I, Section 7 of the New Jersey Constitution, which prohibits the wrongful institution of legal process. Acting individually and in concert, Defendants—through their own actions and/or their policies and supervision, or the lack thereof—planted drugs on Mr. Barnes, falsely arrested him, and provided the prosecution with faulty evidence. As such, Defendants wrongly instituted a legal process against Mr. Barnes in violation of the New Jersey Constitution.

49.    Defendants' actions subjected Mr. Barnes to pre-conviction malicious prosecution for crimes he did not commit. But for Defendants' conduct, Mr. Barnes would not have endured the wrongful institution of legal process and the detention that resulted therefrom. Defendants' malicious actions violated clearly established law; no reasonable police officer would believe that these actions were lawful.

## FIFTH CLAIM FOR RELIEF

### VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION (POST-CONVICTION MALICIOUS PROSECUTION) ACTIONABLE PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

50. Plaintiff realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 33, above.

51. The Fourteenth Amendment, Section 1, provides: "No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law . . . . " (The Fourth Amendment to the U.S. Constitution is recited, in part, above.)

52. Defendants' actions violate the Fourth and Fourteenth Amendments to the U.S. Constitution, which prohibit post-conviction incarceration that results from malicious prosecution. Acting individually and in concert, Defendants—through their own actions and/or their policies and supervision, or the lack thereof—planted drugs on Mr. Barnes, falsely arrested him and instituted his malicious prosecution, all of which led to his wrongful incarceration. As a result of Defendants' institution of a malicious prosecution premised on a false arrest, Mr. Barnes endured post-conviction incarceration.

53. Defendants' actions subjected Mr. Barnes to post-conviction malicious prosecution for crimes he did not commit. But for Defendants' conduct, Mr. Barnes would not have endured the wrongful institution of legal process and the incarceration that resulted therefrom. Defendants' malicious actions

violated clearly established law; no reasonable police officer would believe that these actions were lawful.

## SIXTH CLAIM FOR RELIEF

### VIOLATIONS OF ARTICLE I, SECTIONS 1 AND 7 OF THE NEW JERSEY CONSTITUTION (POST-CONVICTION MALICIOUS PROSECUTION) ACTIONABLE DIRECTLY AND PURSUANT TO N.J.S.A. 10:6-1 ET SEQ. AGAINST ALL DEFENDANTS

54. Plaintiff realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 33, above.

55. Article I, Section 1 of the New Jersey Constitution provides: "All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness." (Article 1, Section 7 of the New Jersey Constitution is recited, in part, above.)

56. Defendants' actions violate Article I, Sections 1 and 7 of the New Jersey Constitution, which prohibit post-conviction incarceration that results from malicious prosecution. Acting individually and in concert, Defendants— through their own actions and/or their policies and supervision, or the lack thereof—planted drugs on Mr. Barnes, falsely arrested him, and instituted his malicious prosecution, all of which led to his wrongful incarceration. As a result of Defendants' institution of a malicious prosecution premised on a false arrest, Mr. Barnes endured post-conviction incarceration.

57. Defendants' actions subjected Mr. Barnes to post-conviction malicious prosecution for crimes he did not commit. But for Defendants' conduct, Mr.

Barnes would not have endured the wrongful institution of legal process and the incarceration that resulted therefrom. Defendants' malicious actions violated clearly established law; no reasonable police officer would believe that these actions were lawful.

## SEVENTH CLAIM FOR RELIEF
### VIOLATIONS OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION (SUBSTANTIVE DUE PROCESS) ACTIONABLE PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

58.  Mr. Barnes realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 33, above.

59.  The Fourteenth Amendment to the U.S. Constitution encompasses a substantive component. This portion of the Fourteenth Amendment prohibits officials' actions that shock the conscience and/or upset the balance of "ordered liberty."

60.  If any action by a police officer shocks the conscience, it is the planting of evidence on an innocent person in order to arrest him. There can be no "ordered liberty" when police officers manufacture evidence against innocent people and send them to prison for crimes they did not commit. Defendants— through their own actions and/or their policies and supervision, or the lack thereof—violated clearly established law; no reasonable police officer would believe that these actions were lawful.

## EIGHTH CLAIM FOR RELIEF

### VIOLATIONS OF THE ARTICLE I, SECTION 1 OF THE NEW JERSEY CONSTITUTION (SUBSTANTIVE DUE PROCESS) ACTIONABLE DIRECTLY AND PURSUANT TO N.J.S.A. 10:6-1 *ET SEQ.* AGAINST ALL DEFENDANTS

61.    Mr. Barnes realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 33, above.

62.    Article I, Section 1 of the New Jersey Constitution encompasses a substantive component. This portion of the New Jersey Constitution prohibits officials' actions that shock the conscience and/or upset the balance of "ordered liberty."

63.    If any action by a police officer shocks the conscience, it is the planting of evidence on an innocent person in order to arrest him. There can be no "ordered liberty" when police officers manufacture evidence against innocent people and send them to prison for crimes they did not commit. Defendants— through their own actions and/or their policies and supervision, or the lack thereof—violated clearly established law; no reasonable police officer would believe that these actions were lawful.

## NINTH CLAIM FOR RELIEF

### CONSPIRACY TO VIOLATE CIVIL RIGHTS ACTIONABLE PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

64.    Plaintiff realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 33, above.

65.    A civil conspiracy is a combination of two or more persons acting in concert to commit an individual act. The principal elements of the conspiracy are an

agreement between the parties to inflict a wrong against another, and an overt act that results in damage.

66.    Defendants, acting within the scope of their employment and under color of law, agreed among themselves and with other individuals to act in concert to deprive Mr. Barnes of his clearly established federal and state constitutional rights, as alleged above.

67.    In furtherance of the conspiracy, CPD and each CPD officer Defendant engaged in and facilitated numerous overt acts, including, without limitation, the following:

    i.    One or more of the individual Defendants planted drugs on (i.e., deliberately fabricated evidence against) Mr. Barnes and then in concert proceeded to arrest him for a crime he did not commit.

    ii.    The individual Defendants continued to lie to prosecutors regarding Mr. Barnes's purported guilt, and they intentionally failed to disclose exculpatory evidence to these prosecutors, all of which resulted in physical and emotional injury to Mr. Barnes.

68.    As a result of Defendants' conspiracy and actions in furtherance thereof, Mr. Barnes was falsely incarcerated and suffered numerous other injuries—all for crimes he did not commit.  But for Defendants' conduct—their own actions and/or their policies and supervision, or the lack thereof—Mr. Barnes would not have endured these serious injuries and violations of his constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Barnes respectfully prays that this Court:

A.  Issue a declaratory judgment stating that Defendants have violated the United Stated and/or New Jersey State Constitutions;

B.  Award compensatory damages to him and against Defendants, jointly and severally;

C.  Award punitive damages to him, and against all individual Defendants, in an amount to be determined at trial;

D.  Award pre-judgment and post-judgment interest and recovery of his costs, as well as reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988, N.J.S.A. 10:6-2, and other applicable laws;

E.  Issue an injunction that will mandate institutional changes so that such injustice does not occur again at the expense of Mr. Barnes and/or Camden's other residents; and

F.  Order such other relief as this Court deems just and proper.

## DESIGNATION OF TRIAL COUNSEL

Mr. Barnes hereby designates Ed Barocas, Esq., of the American Civil Liberties Union of New Jersey Foundation, as trial counsel.

AMERICAN CIVIL LIBERTIES UNION
OF NEW JERSEY FOUNDATION
P.O. Box 32159
Newark, New Jersey 07102
(973)642-2086
ebarocas@aclu-nj.org

By:    /s/ Edward Barocas
Edward Barocas, Esq. (EB8251)
Attorney for Plaintiff Joel Barnes

Dated: July 29, 2010

## CERTIFICATION OF OTHER ACTIONS

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court, arbitration, or administrative proceeding.

/s/ Edward Barocas
Edward Barocas, Esq. (EB8251)
AMERICAN CIVIL LIBERTIES UNION
      OF NEW JERSEY FOUNDATION
P.O. Box 32159
Newark, New Jersey 07102
(973)642-2086
ebarocas@aclu-nj.org

July 29, 2010